UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PARKER COMPOUND BOWS, INC.,

       Plaintiff/Counterclaim Defendant,

v.                                     Case No: 5:14-cv-00004-MFU

HUNTER'S MANUFACTURING
COMPANY, INC. d/b/a TENPOINT
CROSSBOW TECHNOLOGIES,

       Defendant/Counterclaim Plaintiff.

AMENDED SCHEDULING ORDER

*The parties having conferred as required by Rule 26(f) submit the following Amended Scheduling Order to the Court for its consideration and entry.  This Amended Scheduling Order replaces the Scheduling Order entered on August 1, 2014.*

## Summary

| | |
|---|---|
| TRIAL DATE: | July 11 – 22, 2016 (Jury Trial)<br>9:30 a.m. |
| PLACE: | UNITED STATES DISTRICT COURT<br>116 North Main Street<br>Harrisonburg, Virginia |
| INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a): | September 2, 2014 |
| DEADLINE TO COMPLETE DISCOVERY: | February 12, 2016 |
| DEADLINE TO FILE MOTIONS TO EXCLUDE EXPERT TESTIMONY: | January 29, 2016 |
| DEADLINE TO FILE DISPOSITIVE MOTIONS AND MEMORANDUM IN SUPPORT: | March 11, 2016 |
| DEADLINE TO FILE FILING RESPONSE TO DISPOSITIVE MOTIONS: | 30 days after service of dispositive motion and memorandum |

| | |
|---|---|
| DEADLINE TO FILE REPLY TO DISPOSITIVE MOTIONS: | 14 days after service of response to dispositive motion |
| DEADLINE FOR HEARING DISPOSITIVE MOTIONS: | May 27, 2016 |
| DEADLINE FOR HEARING MOTIONS *IN LIMINE*: | June 27, 2016 |

1.      The court hears motions and conducts pretrial conferences in civil cases on Civil Motions Day, which is held in Harrisonburg on the 1st and 3rd Thursday of each month. Should the parties wish to schedule such a hearing in this matter, they shall confer as to each party's availability and contact Sue DePuy, Judicial Assistant, at (540) 857-5124 to schedule a hearing for the first available Civil Motions Day.

<u>Trial and Settlement</u>

2.      This case is scheduled for a jury trial scheduled to begin at 9:30 a.m. on July 11, 2016.

3.      The parties shall contact Sue DePuy, Judicial Assistant, to schedule a pretrial conference to be held on an available Civil Motions Day no later than fourteen (14) days prior to trial. Proposed jury instructions and special interrogatories must be filed electronically via CM/ECF at least seven (7) days prior to trial.  The parties also should email the proposed jury instructions and special interrogatories in Word format, with citations, to <u>urbanski.ecf@vawd.uscourts.gov</u> and copy opposing counsel.

5.      Motions *in limine*, including motions objecting to introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

6.      If the case settles before trial and the court does not receive the proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of entry of the dismissal order.

<u>Motions</u>

7.      A supporting brief must accompany all pretrial motions, unless the motion contains the

legal argument necessary to support it or is certified to be unopposed.

8.      If any motion (other than a dispositive motion), properly filed and briefed, is to be

opposed, a brief in opposition must be filed within fourteen (14) days of the date of service of the

movant's brief (or within fourteen (14) days of this order if a motion and supporting brief was

served before this order).  Except for good cause shown, if a brief opposing a motion is not

timely filed, the court will consider the motion to be unopposed.  If the moving party desires to

submit a reply brief it must be filed within seven (7) days of the date of service of the brief

opposing the motion.  A surreply brief may not be filed without prior leave of the court.

9.      Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages

in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times

New Roman, unless the filing party first obtains leave of the court after showing good cause why

a longer brief is necessary.  This limitation does not apply to briefs in support of dispositive

motions or to claims construction statements and responses, all of which shall adhere to the page

limits set forth in paragraph 23.

10.     When a dispositive motion, together with its supporting brief and exhibits, consists of

fifty (50) or more pages, the filing party must send a paper courtesy copy of the documents to the

chambers of the presiding Judge at P.O. Box 38, Roanoke, VA 24002-0038.

11.     No motion, brief or exhibit may be filed under seal, except as allowed by the mandatory

provisions of Western District of Virginia General Local Rule 9.  The requirements of General

Local Rule 9 may not be modified by a stipulated protective order or other agreement of the

parties.

12.     All nondispositive pretrial motions and issues, except motions in limine, are hereby referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1)(A). Hearings on motions before Judge Hoppe are scheduled by contacting Karen Dotson, Courtroom Deputy Clerk, at (540) 434-3131, Ext. 2.

13.     The Court does not generally schedule motions hearing.  Such scheduling is the responsibility of the parties.  Any party requesting a hearing must contact Sue DePuy, Judicial Assistant, to set a hearing on an available Civil Motions Day.  If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing.

14.     Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

Claim Construction Procedures

15.     The claim construction hearing is scheduled for May 11, 2015, beginning at 9:30 a.m. or as soon thereafter as it may be scheduled with the Court.

16.     On or before November 7, 2014, Hunter's Manufacturing Company, Inc. shall serve on Parker Compound Bows, Inc. its Infringement Contentions which shall contain at least the following information: (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted; (b) Separately for each asserted claim, each accused product/method that each party claiming infringement contends infringes, including the name or model number if known; (c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused product/method, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the corresponding structure and function and where such structure and function is found in the Accused product/method; (d) For each claim which is

alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer(s) that contribute to or that are inducing direct infringement, including a description of the role of each relevant party if direct infringement is based on the joint acts of multiple parties; and (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused product/method; (f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.  Such claim charts shall in no way preclude the parties from participating fully in discovery on these and related issues prior to these deadlines.

17.     On or before December 5, 2014, Parker Compound Bows, Inc. shall serve upon Hunter's Manufacturing Company, Inc., its Noninfringement Contentions which shall contain at least the following information:  A chart, responsive to Hunter's Manufacturing Company, Inc.'s chart required by paragraph 16(c) above, that identifies as to each identified element in each asserted claim (1) whether such element is present literally or under the doctrine of equivalents in each Accused product/method and, if not, the reason for such denial and the relevant distinctions, and (2) for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the corresponding structure and function, (if different from that identified in Hunter's Manufacturing Company, Inc.'s chart required by paragraph 16(c) above), whether or not such structure and function are found in the Accused product/method.

18.     On or before January 12, 2015, Parker Compound Bows, Inc. shall serve upon Hunter's Manufacturing Company, Inc. its Preliminary Invalidity and Unenforceability Contentions which shall: (a) provide the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of

origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness; (c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on 35 U.S.C. § 112, including invalidity contentions based on written description, enablement, and/or indefiniteness and/or best mode; and (e) The grounds for any charge that any of the asserted claims are unenforceable for inequitable conduct, including the identification of any information alleged to have been withheld, misstated, or otherwise misrepresented to the United States Patent Office, the basis for claiming such information was material to patentability, and the basis for claiming that the patentee withheld, misstated, or misrepresented such information with the requisite intent.

19.     On or before February 12, 2015, Hunter's Manufacturing Company, Inc. shall serve upon Parker Compound Bows, Inc. its response to Parker Compound Bows, Inc.'s Preliminary Invalidity and Unenforceability Contentions.  The response shall include a detailed description of the factual and legal grounds responding to each contention of invalidity, including whether the party admits to the identity of elements in asserted prior art and, if not, the reason for such denial; and unenforceability.

20.     On or before February 20, 2015, counsel for the parties shall confer to identify any claim terms in the relevant patent claims as to which a dispute exists regarding the meaning or scope. Each such disputed claim term shall be addressed in the claim construction brief below.

21.     On or before March 13, 2015, each party shall serve and file an opening claim construction brief and any evidence supporting its claim construction.

22.     On or before April 10, 2015, each party shall serve and file its responsive brief and supporting evidence.

23.     The opening claim construction brief shall not exceed 75 pages and the responsive brief shall not exceed 50 pages, excluding the caption page, the table of contents, the table of authorities, certificate of service, affidavits, and supporting documents unless the filing party first obtains leave of court after showing good cause why a longer brief is necessary.

24.     The parties may amend the Preliminary Infringement Contentions provided in paragraph 16 and the Preliminary Invalidity Contentions provided in paragraph 18, without leave of Court, on or before September 15, 2015, or thirty (30) days after the Court enters its Claim Construction Order, whichever is later.

## Witnesses

25.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B).  Expert witness disclosure for issues on which a party bears the burden of proof shall be submitted not later than September 15, 2015.  Rebuttal expert disclosures shall be submitted not later than October 15, 2015.  Reply expert disclosures shall be submitted not later than October 29, 2015.

26.     To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline set forth herein.

27.     All parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than twenty-one (21) days prior to trial.  For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

## Settlement Conference / Mediation

28.     Upon motion of any party, the court will refer the case to a magistrate judge to conduct a settlement conference / mediation.

It is so ORDERED.

Entered: September 4, 2014

Joel C. Hoppe
United States Magistrate Judge