UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PARKER COMPOUND BOWS, INC.,

       Plaintiff/Counterclaim Defendant,

v.                                            Case No: 5:14-cv-00004-MFU

HUNTER'S MANUFACTURING
COMPANY, INC. d/b/a TENPOINT
CROSSBOW TECHNOLOGIES,

       Defendant/Counterclaim Plaintiff.

## JOINT REPORT OF RULE 26(f) CONFERENCE

COME NOW all parties hereto, by and through their respective counsel, and submit their Joint Rule 26(f) Report.

On August 19, 2014, the Parties held their Rule 26(f) Conference, as required by the Federal Rules of Civil Procedure, with counsel of record appearing for both Plaintiff Parker Compound Bows, Inc. ("Plaintiff") and Defendant Hunter's Manufacturing Company, Inc., d/b/a TenPoint Crossbow Technologies ("Defendant"). During and as a result of the Conference, the Parties agreed upon the following:

1) **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a)**.

Mandatory disclosures under Rule 26(a)(1) will be made as required by Tuesday, September 2, 2014. As part of their disclosures under Rule 26(a)(1), the parties will list categories of relevant documents. Expert disclosures required under Rule 26(a)(2) shall be made as provided in the Amended Scheduling Order.

**2) Date when initial mandatory disclosures were or will be made.**

Disclosures under Rule 26(a)(1) between the parties will be made by Tuesday, September 2, 2014.

**3) Subjects on which discovery may be needed.**

a) Liability for the infringement claims asserted by Defendant;

b) Nature and extent of damages claimed by Defendant;

c) The defenses asserted by the Plaintiff, including noninfringement, invalidity and inequitable conduct;

d) The counterclaims asserted by the Plaintiff and Defendant; and

e) Other issues relating to the Parties' pleadings, claims, and defenses in this matter.

**4) Disclosure or discovery of electronically stored information**

Discovery and production of electronically stored information (ESI) will proceed as provided by the Federal Rules of Civil Procedure, including, but not limited to Rule 26(b)(2) and Rule 34(a).

The parties further agree as follows as to the form of production:

a) To the extent reasonably practicable, Defendant will provide ESI to the Plaintiff in the following format

    a. single page TIFF images (at not less than 300 dpi resolution) for email, word documents, PDFs, JPEGs and other such documents that render into image format consistently.

    b. The Defendant shall provide native files with bates numbered placeholder images for spreadsheets (including Excel files), CAD files, databases,

presentations (including PowerPoint files), audio and video files, and similar documents that are difficult to review in image format. Such native files shall be provided in a separate folder called "native files" and should be named with the bates number.

c. All electronic files shall be produced with accompanying extracted text files containing the contents of the native files at the document level, not at the page level. Documents that do not contain text should be provided with OCR text.

d. Load File Format- Data should be provided with load files which include the folder paths for the full text files linked to the document's bates number as a separate file. The Metadata should be provided in a separate load file in DAT format with the following: field separators - ¶ (ASCII 020); Text qualifiers - Þ (ASCII 254); and new line - ® (ASCII 174). An image load file should be provided separately in OPT or LOG format and should match the name of the delivery volume.

    i. The load file must contain a header row that has column descriptions.

    ii. The load file must use a single standard date format: the iCONECT Standard format YYYY/MM/DD,

    iii. Metadata fields that are not applicable to a document should be left empty.

    iv. The following is a list of metadata fields to be included in the load file:

| Field | Assign this Field Type | Used for this XERA Feature |
|---|---|---|
| Production Volume | Limited Text | |
| Beginning Document Bates Number | Limited Text | Imagelink Reference<br>Document Groups |
| Ending Document Bates Number | Limited Text | Document Groups |
| Attachment, Beginning Bates Number | | |
| Attachment, Ending Bates Number | | |
| Custodian or Source | Limited Text | |
| Page Count | Numeric | |
| Last Modified Date or Sent Date | Date | 6 Degrees - Relationship Visualizer<br>Analytics - Threads |
| Received Date | Date | |
| Created Date | Date | |
| File Name | Limited Text | Productions |
| Folder/Email Message Directory | Limited Text | |
| From | Limited Text | 6 Degrees - Relationship Visualizer<br>Analytics - Threads |
| To | | |
| CC | | |
| BCC | | |
| Email Subject or Document Title | Limited Text | Analytics – Threads |
| Author | Limited Text | |
| Conversation Index | Limited Text | Analytics – Threads |
| Document Type | Limited Text | |
| File Extension | Limited Text | Analytics |
| MD5Hash | Limited Text | |
| Attachment Count | Numeric | |
| Native File Path (UNC path to the file) | Limited Text | Used to view Native files in the interface. |
| File Size | Numeric | |

  e. Bates numbering

    i. Numbers must be unique for each page within a TIFF document,

    ii. Numbers must be a constant length, and might require zero padding (For example, ABC000000012).

    iii. Numbers cannot contain special characters or spaces

    iv. Numbering must be sequential within a document (if it is a multipage document produced in image format).

b) To the extent reasonably practicable, the Defendant will convert non-electronic documents into searchable PDF (Portable Document Format) files, and will provide such converted documents to the Plaintiff.

c) To the extent reasonably practicable, the Plaintiff will provide ESI to the Defendant in the following format:

 a. single page TIFF images (at not less than 300 dpi resolution) for email, word documents, PDFs, JPEGs and other such documents that render into image format consistently.

 b. The Plaintiff shall provide native files with bates numbered placeholder images for spreadsheets (including Excel files), CAD files, databases, presentations (including PowerPoint files), audio and video files, and similar documents that are difficult to review in image format. Such native files shall be provided in a separate folder called "native files" and should be named with the bates number.

 c. All electronic files shall be produced with accompanying extracted text files containing the contents of the native files at the document level, not at the page level. Documents that do not contain text should be provided with OCR text.

 d. Load File Format- Data should be provided with load files which include the folder paths for the full text files linked to the document's bates number as a separate file. The Metadata should be provided in a separate

load file in DAT format with the following: field separators - ¶ (ASCII 020); Text qualifiers - Þ (ASCII 254); and new line - ® (ASCII 174). An image load file should be provided separately in OPT or LOG format and should match the name of the delivery volume.

    i. The load file must contain a header row that has column descriptions.

    ii. The load file must use a single standard date format: the iCONECT Standard format YYYY/MM/DD.

    iii. Metadata fields that are not applicable to a document should be left empty.

    iv. The following is a list of metadata fields to be included in the load file:

| Field | Assign this Field Type | Used for this XERA Feature |
|---|---|---|
| Production Volume | Limited Text | |
| Beginning Document Bates Number | Limited Text | Imagelink Reference<br>Document Groups |
| Ending Document Bates Number | Limited Text | Document Groups |
| Attachment, Beginning Bates Number | | |
| Attachment, Ending Bates Number | | |
| Custodian or Source | Limited Text | |
| Page Count | Numeric | |
| Last Modified Date or Sent Date | Date | 6 Degrees - Relationship Visualizer<br>Analytics - Threads |
| Received Date | Date | |
| Created Date | Date | |
| File Name | Limited Text | Productions |
| Folder/Email Message Directory | Limited Text | |
| From | Limited Text | 6 Degrees - Relationship Visualizer<br>Analytics - Threads |
| To | | |
| CC | | |
| BCC | | |
| Email Subject or Document Title | Limited Text | Analytics – Threads |
| Author | Limited Text | |
| Conversation Index | Limited Text | Analytics – Threads |
| Document Type | Limited Text | |
| File Extension | Limited Text | Analytics |
| MD5Hash | Limited Text | |
| Attachment Count | Numeric | |
| Native File Path (UNC path to the file) | Limited Text | Used to view Native files in the interface. |
| File Size | Numeric | |

    e.    Bates numbering

        i.    Numbers must be unique for each page within a TIFF document.

        ii.    Numbers must be a constant length, and might require zero padding (For example, ABC000000012).

        iii.    Numbers cannot contain special characters or spaces.

    iv. Numbering must be sequential within a document (if it is a multipage document produced in image format).

d) To the extent reasonably practicable, the Plaintiff will convert non-electronic documents into searchable PDF (Portable Document Format) files, and will provide such converted documents to the Defendant.

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations. A party's meaningful compliance with this plan and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations, along with any other criteria as the Court deems appropriate.

Counsel for both parties represent that their clients have been advised to preserve ESI during the course of this litigation.

### 5) Date by which discovery should be completed.

The parties agree that discovery should be completed by February 12, 2016.

### 6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

The parties agree that no such changes are needed at this time, with the exception of dates that will be provided for in the Amended Scheduling Order.

### 7) Any orders, e.g., protective orders, which should be entered.

The parties have agreed to cooperate and present a protective order to the Court for its approval, if necessary, to facilitate the exchange of confidential information in discovery.

### 8) Privileges.

The Parties will adhere to the procedure set forth in Fed. R. Civ. P. 26(b)(5)(A) with respect to privileged information. The Parties further agree that, as provided by Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of documents or information that the producing party contends to be privileged or protected shall not be deemed a waiver of any privilege or protection, provided that the producing party promptly requests the return of the same upon discovering the inadvertent production.

### 9) Any objections to the initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

The parties have no such objections at this time.

### 10) Proposed deadline for joining other parties and amending the pleadings.

The parties agree that the deadline for joining other parties and amending the pleadings shall be October 31, 2015.

### 11) Proposed deadline for filing motions other than motions for class certification.

The parties propose a deadline for filing motions as set forth in the Amended Scheduling Order.

### 12) Proposed Trial Date.

The parties propose the trial date of July 11-22, 2016.

### 13) Settlement.

Counsel for the Parties have agreed to confer with their clients concerning the potential for early settlement discussion in this matter.

Respectfully submitted,

Dated: November 17, 2014.

PARKER COMPOUND BOWS, INC.

/s/Daniel L. Fitch/
Daniel L. Fitch, Esq. (VSB#26362)
Lauren R. Darden, Esq. (VSB#72867)
Wharton Aldhizer & Weaver, PLC
100 South Mason Street
P. O . Box 20028
Harrisonburg, VA 22801
Phone: 540-434-0316
Fax: 540-434-5502
Email: dfitch@wawlaw.com
Email: ldarden@wawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of Novemberr, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Erin B. Ashwell, Esq.
Woods Rogers
10 S. Jefferson Street, Suite 1400
Roanoke, VA 24011
E-mail: eashwell@woodsrogers.com
*Counsel for Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies*

and

John M. Skeriotis, Esq.
Emerson Thomson Bennett
1914 Akron-Peninsula Road
Akron, OH 44313
E-mail: jms@etblaw.com
*Counsel for Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies*

/s/Daniel L. Fitch
Daniel L. Fitch, Esq. (VSB #26362)
Lauren R. Darden, Esq. (VSB #72867)
Wharton Aldhizer & Weaver, PLC
100 South Mason Street
P. O. Box 20028
Harrisonburg, VA 22801
Telephone: 540-434-0316
Fax: 540-434-5502
E-mail: dfitch@wawlaw.com
E-mail: ldarden@wawlaw.com
Attorneys for Parker Compound Bows, Inc.

14012576.DOC